UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAHRIAR ANOUSHFAR,

     Plaintiff,

v.                              Case No.:  2:23-cv-1003-SPC-NPM

LEXINGTON INSURANCE
COMPANY,

     Defendant.

_____/

## OPINION AND ORDER

Before the Court are Plaintiff Shahriar Anoushfar's Motion to Remand (Doc. 8) and Defendant Lexington Insurance Company's opposition (Doc. 13). For the below reasons, the Court denies the motion.

This is a bad-faith action that spans nearly seven years. Lexington insured Anoushfar's property when Hurricane Irma hit on September 10, 2017. Anoushfar made an insurance claim that did not go well. Lexington first determined that the damages were a fraction of what he claimed. Meanwhile, Anoushfar lost his tenant and his job. Eventually, Anoushfar sold the damaged home in September 2018 at a loss.

Anoushfar then demanded an appraisal under his policy, and Lexington agreed. On October 16, 2018, the appraisal panel determined the loss was $504,173.64 actual cash value, or $547,455.95 replacement cost. (Doc. 1-2 at

146).  Lexington gave Anoushfar a check for $420,614.94 (replacement cost minus the policy's nearly $75,000 deductible) six days later.  (Doc. 1-2 at 147).  But the amount of the appraisal award led Anoushfar to seek another opinion about whether the property was a total loss.  When Anoushfar asked for the balance of his policy limits in full satisfaction of the loss, Lexington refused to pay and rejected his request for another appraisal on whether the property was a total loss.

Anoushfar then sued Lexington in July 2020 for specific performance, declaratory judgment, breach of contract, and bad faith.[1]  The suit didn't progress far.  The court dismissed all counts with prejudice except for the bad faith claim.  The Eleventh Circuit affirmed the dismissal seven months later.

Anoushfar has since revived the bad-faith claim.  He sued Lexington in state court on March 7, 2023.[2]  For eight months, Lexington defended the complaint and served jurisdictional discovery requests.  Anoushfar responded to the discovery on October 9, which prompted Lexington to remove here on November 8.  Although Anoushfar does not contest diversity jurisdiction, he moves to remand arguing (1) the removal was untimely, and (2) Lexington

---

[1] The case was originally filed in state court but removed here: *Anoushfar v. Lexington Ins. Co.*, No. 2:20-cv-658-FtM-SPC-NPM.  The Court takes judicial notice of the record of the predecessor suit.

[2] Unless otherwise noted, all dates in this Opinion and Order occurred in 2023.

waived its right to removal by litigating the case on its merits in state court. Neither argument wins.

Ordinarily, a defendant has thirty days after receipt of a complaint to remove a state action to federal court. 28 U.S.C. § 1446(b)(1). But when federal jurisdiction is not apparent from the complaint, a defendant may remove a case within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

To start, jurisdiction was not apparent from the state-court complaint. It alleged the state jurisdictional minimum of $50,000.[3]  Attached were four Civil Remedy Notices of Insurer Violation ("CRNs") that Anoushfar argues put Lexington on notice the amount in controversy exceeded $75,000.  But the state-court complaint said nothing about relying on any damages alleged in the CRNs.  Even so, it was unreasonable for Lexington to infer Anoushfar was relying on the CRNs for an amount in controversy.  All four CRNs alleged claim denial, unfair trade practice, and unsatisfactory settlement offer.  (Doc. 1-2 at 118-145).  But three CRNs post-dated the appraisal award (Nos. 488813, 515713, and 559907), meaning the damages alleged in them had presumably been paid.  And the only CRN (388418) to pre-date the appraisal award was

---

[3] The Civil Cover Sheet also checked the amount of claim to be between $50,0001 and $75,000. (Doc. 1-2 at 3).

silent on damages.  So Lexington was justified to pursue jurisdictional discovery on the damages claimed for bad faith.  Had Lexington not done so and tried to remove based on the CRNs, it's request would have been speculative.

It was not until Lexington received Anoushfar's discovery responses on October 9 that the CRNs became relevant.  (Doc. 1-33 at 2).  Lexington asked Anoushfar to produce "all documents, materials and the like that support or evidence the total amount of damages [he] claims as a result of Lexington's alleged bad faith conduct."  (Doc. 1-33 at 2).  Anoushfar pointed Lexington to the four CRNs "for information regarding bad faith damages," but hedged his bets by saying he "ha[d] not yet determined the specific evidence or the total amount of damages that will be presented at trial at this time[.]"  (Doc. 1-33 at 2).  By incorporating the CRNs into his discovery response, Anoushfar submitted an "other paper" that identified (for the first time) the damages he was seeking beyond a speculative level.  Lexington thus knew on October 9 that the amount in controversy exceeded $75,000, and its removal was timely.

And because this suit was not removable until October 9, Lexington's actions in state court before that date are not a waiver of its right to remove. *See Baumann v. Circle K Stores, Inc.* No. 2:20-cv-173-FtM-29MRM, 2020 WL 10058188, at *3-4 (M.D. Fla. May 11, 2020) (serving discovery requests and moving to dismiss did not constitute waiver because the basis for removal had

yet to exist); *Del Rio v. Scottsdale Ins. Co.*, No. 6:05-cv-1429-ORL-19JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005) ("Defendant was clearly permitted under the case law of the Eleventh Circuit Court of Appeals to file an answer in state court, serve requests for interrogatories, and then, after receiving Plaintiff's responses, determine whether the case was removable. Such actions do not waive a defendant's right to remove by litigating in state court.").

At bottom, Lexington's removal was timely, and it took no substantial offensive or defensive action in the state court action indicating a willingness to litigate there before its right to remove was triggered. The Court thus denies Anoushfar's remand request.

Accordingly, it is

**ORDERED:**

Plaintiff Shahriar Anoushfar's Motion to Remand (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 29, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record