UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAHRIAR ANOUSHFAR,

    Plaintiff,

v.                                        Case No.:  2:23-cv-1003-SPC-NPM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

United States Magistrate Judge Nicholas P. Mizell granted Plaintiff's Motion for Leave to Amend Complaint (Docs. 24, 51). Before the Court are Defendant's Objection to that Order (Doc. 60) and Plaintiff's Response (Doc. 62). For the below reasons, the Court overrules the objection.

Rule 72 governs pretrial matters referred to a magistrate judge. Under that rule, a district judge reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error is a highly deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed.'" *Id.* (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

Defendant fails to show Judge Mizell's Order was clearly erroneous or contrary to the law. To start, Defendant does not identify any portion of the Order that is erroneous. In fact, Defendant's objection barely discusses the Order at all. That's because Defendant's "objection" is a copy and paste of its earlier opposition to the underlying motion—twenty pages verbatim. (*Compare* Docs. 28 and 60). This won't work. *See Kimberly Regenesis, LLC v. Lee Cnty.*, No. 2:19-CV-538-SPC-NPM, 2021 WL 5028204, at *2 (M.D. Fla. Oct. 29, 2021) ("Rule 72 does not exist for a party to rehash failed arguments hoping to secure a different result.").

Moreover, Judge Mizell thoroughly addressed each of the arguments Defendant asserted in both its opposition and objection.[1] Defendant may not like his legal findings, but they are well supported by authority. The Court finds no clear error.

---

[1] The only argument Judge Mizell did not address is Defendant's assertion that amendment would be futile because of the applicable statute of limitations. But Defendant did not develop this argument in its opposition or objection, deciding instead to incorporate by reference this argument from its then pending motion for judgment on the pleadings. (Docs. 28 at 2; 60 at 2–3). So the Court easily rejects this argument. *See* Local Rule 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").

Accordingly, it is now

**ORDERED:**

Defendant's Objection (Doc. 60) is **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record