UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAHRIAR ANOUSHFAR,

    Plaintiff,

v.                                Case No.:   2:23-cv-1003-SPC-NPM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant Lexington Insurance Company's Motion for Judgment on the Pleadings (Doc. 64) and Plaintiff Shahriar Anoushfar's Response in Opposition (Doc. 67). For the reasons articulated below, the Court grants the motion.

## Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

"In a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law[.]" *Aucoin v. Connell,* 209 F.

App'x 891, 892 (11th Cir. 2006) (per curiam); *see also Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 961–62 (11th Cir. 2001); 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1045 (3d ed. 2002) ("[T]he forum state's law determines the applicable limitations period[.]").

## Analysis

Defendant moves to dismiss Plaintiff's claim as being barred by the applicable statute of limitations. (Doc. 64). Defendant argues that because Plaintiff's first-party bad faith claim is a statutory claim brought under Florida Statute § 624.155, it is subject to a four-year statute of limitations. (Doc. 64 at 2); Florida Statute § 95.11(3)(f). In support of this argument, Defendant cites multiple lower court decisions in this circuit that have come to that exact conclusion. *See Andreasen v. Progressive Express Ins. Co.*, No. 17-20190-CIV, 2017 WL 5635403, at *7 (S.D. Fla. Aug. 25, 2017) (holding that "[a] Fl. Stat. § 624.155 bad faith claim is '[a]n action founded on a statutory liability' and is therefore governed by the four-year statute of limitations." (quoting *Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1206 (S.D. Fla. 2013)); *see also Coachmen Indus., Inc. v. Royal Surplus Lines Ins. Co.*, No. 3:06–cv–959–J–HTS, 2007 WL 1837842, at *13 (M.D. Fla. 2007) (reaching the same conclusion).

In response, Plaintiff argues that the bad faith claim arises in contract and is subject to a five-year statute of limitations. In support of this argument,

Plaintiff principally cites an unpublished[1] Eleventh Circuit decision decided after the district court cases Defendant relies on. *See Baranowski v. Geico Gen. Ins. Co.*, 719 F. App'x 933, 934 (11th Cir. 2018) ("[A] bad faith refusal of an insurer to settle a covered claim arises in contract . . . which is subject to a five-year statute of limitation." (citations omitted)). The Court rejects this argument: *Baranowski* is distinguishable because it concerned a third-party bad faith claim, not a first-party claim.[2]

While third-party and first-party bad faith claims are related causes of action, there are fundamental differences between them. A third-party claim is a common law action, and typically "involve[s] a claim in which an insured sues his liability insurance company for bad faith in failing to settle a claim which ultimately results in a third-party judgment against him in excess of the policy limits." *QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n*, 94 So. 3d 541, 545 (Fla. 2012) (internal citation omitted). A first party bad faith action is a statutory cause of action where an insured directly sues the insurer for

---

[1] The Court notes that unpublished Eleventh Circuit decisions are not considered binding precedent upon lower courts. *See, e.g.*, *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016) ("In this Court, unpublished decisions, with or without opinion, are not precedential and they bind no one." (citing 11th Cir. R. 36–2)).

[2] Plaintiff argues that because *Baranowski* relied on both third-party and first-party cases, the relevant analysis should be the same here. (Doc. 67 at 2). While the Eleventh Circuit did rely on at least one Florida Supreme Court case that concerned a first-party claim, in that case the issue of whether a five-year statute of limitations applies to such claims was not reached because of a choice of law issue. *See Lumbermens Mut. Cas. Co. v. Aug.*, 530 So. 2d 293 (Fla. 1988). More importantly, the Eleventh Circuit did not indicate its analysis extended beyond third-party insurance claims. Therefore, the Court will not construe it as doing so.

3

engaging in various actions related to evaluating, processing, and payment of claims. *See Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000) (discussing the scope and application of § 624.155). A first-party claim was not a viable cause of action before the adoption of § 624.155. *Id.*; *see also QBE Ins. Corp.*, 94 So. 3d at 545.

Because of the differences between the causes of action, so too are the differences in statute of limitations periods. Florida law explicitly distinguishes statute of limitations periods between actions based in contract and those based on statutes. *Compare* Fla. Stat. Ann. § 95.11(2)(b) (five-year statute of limitations for actions based in contract) *with* Fla. Stat. Ann. § 95.11(3)(f) (four-year statute of limitations for "[a]n action founded on a statutory liability."). This refutes Plaintiff's argument that the cases which have considered this question (*Andreasen*, *Lopez*, and *Coachmen*) conflict with *Baranowski*. The legislature has differentiated between causes of action based in common law, such as third-party claims and claims based on statutes. While both third-party and first-party bad faith claims arise from an underlying insurance contract, that does not mean the limitations periods are the same. Plaintiff may find the distinction between the causes of action illogical, but it is a policy choice the legislature is empowered to make. By contrast, courts are not empowered to rewrite the law in pursuit of a preferred policy outcome. *See*

4

*In re 2 Monkey Trading, LLC*, 142 F.4th 1323, 1330 (11th Cir. 2025) ("Our role as judges is to interpret the text, not to improve it.").

Most importantly, every case the Court is aware of that has directly addressed this question has held first-party bad faith actions are subject to a four-year limitations period. *See Andreasen*, 2017 WL 5635403, at *7; *Lopez*, 968 F. Supp. at 1206; *Coachmen Indus.*, 2007 WL 1837842, at *13. Plaintiff's argument that *Baranowski* implicitly overruled these cases is wrong. As noted above, *Baranowski* did not address a first-party claim nor did it discuss them generally. Plaintiff's attempt to stretch its holding to this case is unavailing, and so the Court rejects it. Plaintiff's remaining argument that these cases were erroneous in their interpretation of state law is similarly unconvincing.

Plaintiff's citation to *Pastor v. Union Cent. Life Ins. Co.*, 184 F. Supp. 2d 1301 (S.D. Fla. 2002), *aff'd*, 128 F. App'x 100 (11th Cir. 2005) also does not work here. The district court in *Pastor* was concerned with choice of law issues; it did not address statute of limitations issues at all. While third-party and first-party bad faith actions may be "similar because they arise from an insurer's implied obligations under a contract," nothing in *Pastor* supports Plaintiff's argument in this case. *Id.* at 1306. The Court comes to the same conclusion as the other district courts that have considered this issue: the applicable statute of limitations for Plaintiff's bad faith claim is four years.

Having concluded the applicable statute of limitations is four years, the Court turns to whether Plaintiff's claim is time-barred. In Florida, a cause of action accrues when the last element constituting the cause of action accrues. Florida Statute § 95.031(1). "It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage, or any such defense has been adjudicated adversely to the insurer; and (2) the actual extent of the insured's loss must have been determined." *Trafalgar at Greenacres, Ltd. v. Zurich Am. Ins. Co.,* 100 So. 3d 1155, 1157 (Fla. Dist. Ct. App. 2012) (citing *Vest v. Travelers Ins. Co.,* 753 So. 2d 1270, 1273 (Fla. 2000)). "[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289, 1291 (Fla. 1991). Appraisal awards satisfy the favorable resolution requirement. *See Hunt v. State Farm Fla. Ins. Co.*, 112 So. 3d 547, 549 (Fla. 2d DCA 2013); *Trafalgar*, 100 So. 3d at 1157; *Cammarata v. State Farm. Ins. Co.*, 152 So. 3d 606 (Fla. 4th DCA 2014).

In this case, Plaintiff's cause of action accrued when the appraisal award was entered on October 16, 2018. (Docs. 55 ¶¶ 48, 50). Therefore, Plaintiff had until October 18, 2022, to pursue a bad faith claim against Defendant. Plaintiff initiated this action originally on March 7, 2023, more than four months past

6

when the statute of limitations had run on the bad faith claim. Plaintiff offered no argument in response that the present action complied with the four-year statute of limitations for statutory claims; nor did Plaintiff present any argument the statute of limitations period should be tolled. Thus, the Court finds that the period to bring the bad faith claim has lapsed.

At bottom, Plaintiff fails to persuade the Court that there is any basis to contradict prior lower court decisions that considered this issue. Therefore, Plaintiff's claim will be dismissed as time-barred.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. 64) is **GRANTED**.

2. Plaintiff's bad faith claim under Florida Statute § 624.155 is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record